IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-015-KDB-DCK

| | |
|---|---|
| D.R. HORTON, INC., TRUE HOMES, LLC, CALATLANTIC GROUP, INC., STANDARD PACIFIC OF THE CAROLINAS, LLC, WEEKLEY HOMES, LLC, SHEA BUILDERS, LLC, D.R. HORTON-REGENT, LLC, LENNAR CAROLINAS, LLC, SHEA HOMES, LLC, M/I HOMES OF CHARLOTTE, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF CHARLOTTE,<br><br>    Defendant. | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion For Judgment On The Pleadings" (Document No. 21). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

Plaintiffs initiated this action with the filing of a "Class Action Complaint" (Document No. 1) against the City of Charlotte and Charlotte Water f/k/a Charlotte-Mecklenburg Utility Department ("Defendants") on January 11, 2019. Plaintiffs' "First Amended Class Action Complaint" (Document No. 15) (the "Amended Complaint") was then filed on February 4, 2019. Plaintiffs contend that Defendants violated their "substantive due process rights by adopting, assessing, and collecting the unlawful and *ultra vires* water and wastewater capacity fees as a

mandatory condition to Defendants' furnishing future water and wastewater service to Plaintiffs' real properties." (Document No. 15, p. 2). Plaintiffs are residential homebuilders who filed "this class action on behalf of themselves and all similarly situated entities and individuals who were charged and paid Defendants' unlawful capacity fees from three (3) years prior to the commencement of this action through June 30, 2018." Id.

The Amended Complaint includes the following claims for relief: (1) Declaration that Defendants' Adoption and Enforcement of the Capacity Fees was *Ultra Vires*; (2) Declaration that Defendants' Adoption and Enforcement of the Capacity Fees Violated Plaintiffs' Right to Substantive Due Process;: (3) Refund of Water and Wastewater Capacity Fees as Damages 42 U.S.C. § 1983 and N.C. Gen. Stat. § 160A-363; (4) Unconstitutional Exaction Without an Essential Nexus or Rough Proportionality; and (5) Costs, Expenses, and Attorneys' Fees. (Document No. 15, pp. 19-28). Defendants' "Answer To Amended Complaint" (Document No. 18) was filed on February 21, 2019.

Defendant asserts that at the time Plaintiffs filed this action, a prior action had been filed by a class of plaintiffs identical to the class of plaintiffs in this action and was pending in Mecklenburg County Superior Court against the same Defendant City of Charlotte, addressing the same subject matter. (Document No. 21-1, p. 6). The prior action, Daedalus, LLC, Epcon Communities Carolinas, LLC v. City of Charlotte, Case No. 18-CVS-21073, (the "State Court Action") was filed on or about November 5, 2018, on behalf of Daedalus, LLC "and similarly situated developers with property located in Charlotte, North Carolina." (Document No. 21-1, p. 2). An "Amended Complaint" was filed in the State Court Action on or about February 14, 2019. Id. (citing Document No. 21-3).

2

Case 3:19-cv-00015-KDB-DCK   Document 30   Filed 10/25/19   Page 2 of 12

In this action, "Defendants' Motion For Judgment On The Pleadings" (Document No. 21) was filed on March 2, 2019. On March 15, 2019, the parties filed a "Stipulation Of Dismissal Of Charlotte Water f/k/a Charlotte Mecklenburg Utility Department" (Document No. 23). Also filed on March 15, 2019, was "Plaintiffs' Memorandum Of Law In Opposition To Motion For Judgment On The Pleadings" (Document No. 24) and the parties' "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 25). "Defendants' Reply To Plaintiffs' Memorandum…" (Document No. 26) was filed on March 22, 2019.

This case was reassigned to the Honorable Kenneth D. Bell on June 14, 2019. On June 20, 2019, Judge Bell referred the pending "…Motion For Judgment On The Pleadings" to the undersigned Magistrate Judge.

The undersigned issued an "Order" (Document No. 27) on October 2, 2019 directing the parties to file a Status Report on or before October 11, 2019, that included: "(1) an update on the related state court action; (2) proposed revised case deadlines; and (3) a report on the result of early settlement discussions."

The parties' "Joint Status Report" (Document No. 28) was filed three (3) days late on October 14, 2019, and failed to include proposed revised case deadlines or a report on the result of early settlement discussions. Instead, the parties requested "that the Court stay discovery and deadlines in this matter pending disposition of the State Court Action at the state trial court."[1] (Document No. 28). According to the parties' "Joint Status Report," the State Court Action has a hearing on motions for summary judgment scheduled for December 18, 2019, and trial scheduled for February 24, 2020. (Document No. 28).

---

[1] Noting that this matter has been pending since January 2019, with little progress, the Court will promptly issue a Pretrial Order And Case Management Plan. However, in setting deadlines for this case, the Court will take into account that both sides seem to acknowledge the State Court Action is relevant to this case and its resolution in or about early 2020 may impact this action.

Despite this Court "direct[ing] the parties to discuss the possibility of settlement and include the result of those efforts in their Status Report(s)," the parties apparently failed to discuss an early settlement of this case.  See (Document No. 27, p. 2;  Document No. 28, p. 2).

The pending motion is now ripe for review and a recommended disposition to the Honorable Kenneth D. Bell.

## II.  STANDARD OF REVIEW

Rule 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). "A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) (quoting Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014)).  In resolving a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view the facts in the light most favorable to the nonmoving party.  Bradley v. Ramsey, 329 F.Supp.2d 617, 622 (W.D.N.C. 2004).

A motion for a judgment on the pleadings is decided under a similar standard as a motion to dismiss brought under Fed.R.Civ.P. 12(b)(6), "with the key difference being that on a 12(c) motion, 'the court is to consider the answer as well as the complaint.'" Bradley, 329 F.Supp.2d at 622 (quoting Continental Cleaning Serv. v. United Parcel Serv., Inc., 1999 WL 1939249, at *1 (M.D.N.C. 1999));  see also Burbach Broadcasting Co. of Delaware v. Elkins Radio, 278 F.3d 401, 405 (4th Cir. 2002).  "[D]ocuments attached to the Answer are part of the pleadings for Rule 12(c) purposes, and may be considered without converting a motion for judgment on the pleadings into a motion for summary judgment, only if the documents are central to the Plaintiff's claim and the authenticity is not challenged." Mendenhall v. Hanesbrands, Inc., 856 F.Supp.2d 717, 724

(M.D.N.C. 2012).  The Court may consider materials referenced in, incorporated by reference, or attached to the pleadings, as well as exhibits to a Rule 12(c) motion that are integral to the complaint and authentic.  See Fed.R.Civ.P. 10(c);  Massey, 759 F.3d at 353;  see also Massey, 3:11-CV-477-RJC-DCK, 2012 WL 2992129, at *2-3 (W.D.N.C. July 20, 2012).

### III.  DISCUSSION

The "… Motion For Judgment On The Pleadings" (Document No. 21) asserts that dismissal pursuant to Fed.R.Civ.P. 12(c) is appropriate because:  (1) "Defendant Charlotte Water does not have the capacity to be sued;"  (2) the "Prior Pending Action Doctrine bars this lawsuit;" and (3) this Court lacks jurisdiction "because the federal claims in this case are inextricably woven with the state common law claims." (Document No. 21, p. 2).  The first argument has been mooted by the parties' "Stipulation Of Dismissal Of Charlotte Water …" (Document No. 23);  therefore, the undersigned will focus on the City of Charlotte's ("Defendant") second and third arguments.  See (Document No. 24, p. 2, n.1).

**A.  Prior Pending Action**

In support of its argument that this case should be dismissed based on a prior pending action, Defendant first provides the following synopsis of legal authority.

> Under the doctrine of prior action pending, "where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action." *Eways v. Governor's Island*, 326 N.C. 552, 554, 391 S.E.2d 182, 183 (1990).  The fact that the prior action was pending in two separate jurisdictions (e.g. state v. federal) does not preclude abatement of the subsequently filed action.  *Id.* at 560–61, 187 (holding that "a prior action pending in a federal court within the territorial limits of the state constitutes grounds for abatement of a subsequent state action on substantially similar grounds between the same parties.")  The purpose of the prior action pending doctrine is to avoid subsequent actions that are wholly unnecessary and to promote judicial economy.  *See Id.*

> "The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?" *Jessee v. Jessee*, 212 N.C. App. 426, 438, 713 S.E.2d 28, 37 (2011) (*quoting Cameron v. Cameron*, 235 N.C. 82, 85, 68 S.E.2d 796, 798 (1952).
>
> Here, the state action involves the same parties, subject matter, issues, and demanded relief as the instant case and was pending before the Mecklenburg County Superior Court at the time the instant case was filed. *See* Exhibits 1 and 2 and ECF Doc. Nos. 1 and 15.

(Document No. 21-1, pp. 6-7).

Defendant contends that the "Parties in this action and the state court action are identical." (Document No. 21-1, p. 7). Specifically, Defendant contends that Plaintiffs in both actions are developers who allegedly paid Capacity Fees to Defendants and are suing on behalf of a class of similarly situated parties.[2]

Next, Defendant asserts that the subject matter is the same in both actions, noting that both Complaints allege "Capacity Fees charged by Defendants to Plaintiffs for the use of water and sewage services." (Document No. 21-1, pp. 7-8). Defendant further asserts that both Complaints allege that unlawful fees were a condition for future water and wastewater service to Plaintiffs' real properties." (Document No. 21-1, p. 8).

Similarly, Defendant argues that the issues in both actions are the same:

> (1) whether Defendants' collection of Capacity Fees violates North Carolina law because the collection of such fees allegedly were not authorized by the North Carolina General Assembly, as required under North Carolina law; and (2) whether the plaintiff's substantive due process rights guaranteed by the United States or North Carolina constitutions were violated by a deprivation of their interest in the subject properties.

---

[2] Defendant notes that Plaintiffs allege that the City of Charlotte unlawfully collected "Capacity Fees" – a form of unauthorized "Impact Fees" charged by Charlotte without authorization from the General Assembly of North Carolina. (Document No. 21-1, p. 2) (citations omitted).

6

(Document No. 21-1, p. 9).

In further support of the State Court Action being a prior pending action that precludes this lawsuit, Defendant argues that the relief demanded in both actions is the same. (Document No. 21-1, p. 9-10). Defendant notes that in both cases "Plaintiffs are requesting declaratory relief regarding Defendants' authority to charge Capacity Fees and whether the collection of such fees violates Plaintiffs' substantive due process rights." (Document No. 21-1, p. 10).

Based on the foregoing, Defendant concludes that "[i]t is clear that the Complaints in both actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded," and therefore, that this action should be dismissed pursuant to the doctrine of prior pending action. Id. (citing Jessee v. Jessee, 212 N.C. App. 426, 438 (2011) (quoting Cameron v. Cameron, 235 N.C. 82, 85 (1952))).

In opposition, Plaintiffs argue that this action is not abated by a prior pending action. (Document No. 24, pp. 5-15).

First, contrary to Defendant's argument that the parties are identical, Plaintiffs assert that the parties are "clearly not the same in both actions." (Document No. 24, p. 6). Plaintiffs note that neither of the two plaintiffs in the State Court Action are parties to this action, and likewise, none of the Plaintiffs in this action are parties to the State Court Action. Id. Plaintiffs contend that even though "both actions set forth claims for class certification, it is well-established that unnamed members of a proposed but uncertified class are not parties to the litigation." Id. (citing Smith v. Bayer Corp., 564 U.S. 299 (2011); In re Cox Enter., Inc. Set-top Cable Television Box Antitrust Litigation, 835 F.3d 1195, 1203 (10th Cir. 2016) ("prospective plaintiffs – that is, unnamed members of a putative class – are not parties to class litigation"); and Day v. Persels & Assoc., LLC, 729 F.3d 1309, 1338 (11th Cir. 2013) ("upon certification, unnamed class members become

later-added 'parties'"). Plaintiffs further contend that "it is only the actual certification of the class which transforms the action from an *individual suit* to a *class action*." Id. (citing Shelton v. Pargo, Inc., 582 F.2d 1298 (4th Cir. 1978)).

Next, Plaintiffs explain that the issues are not the same in both actions because:

> (1) this action raises a claim under 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which the state court action does not; (2) this action presents a Fifth Amendment takings claim pursuant to *Koontz v. St. Johns River Water Management District*, 570 U.S. 595 (2013), which the state court action does not; and (3) the issues of class certification are not the same under Federal Rule 23 and North Carolina Rule 23, a distinction the U.S. Supreme Court found significant in *Smith v. Bayer*.

(Document No. 24, pp. 9-10).

Finally, Plaintiffs argue that even if this action involved the same parties and same issues as the State Court Action, "this action still does not abate the prior pending action doctrine – as the U.S. Supreme Court has recognized, *in personam* cases involving the same parties and same issues can be pending in courts of different jurisdictions." (Document No. 24, pp. 12-13) (citing Kline v. Burke Construction Co., 260 U.S. 226 (1922)). "[W]here the action first brought is *in personam* and seeks only a personal judgment [as opposed to an *in rem* action], another action for the same cause in another jurisdiction is not precluded." (Document No. 24, p. 13) (quoting Kline, 260 U.S. at 230).

In reply, Defendant seems to suggest that Plaintiffs are the same, even though a class has not been certified, because the Court "must review only the pleadings and language in the pleadings to make a determination." (Document No. 26, p. 2) (citing Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002)). Defendant notes that both Complaints are brought on behalf of Plaintiffs themselves and other similarly situated. Id. Defendant goes on to contend

8

that "[i]f the classes in each lawsuit are certified, it is undisputed that both cases involve the same Plaintiffs, namely, developers and homebuilders who paid capacity fees to the City of Charlotte." Id.

Defendant further argues that identical issues and theories are not required for dismissal under the prior pending action doctrine. Defendant asserts that it is sufficient for dismissal if the parties, legal issues, and subject matter are "substantially similar." (Document No. 26, p. 3) (citing Hyman v. City of Gastonia, 466 F.3d 284, 286 (4th Cir. 2006) and Eways v. Governor's Island, 326 N.C. 552 (1990)). In addition, Defendant asserts that Plaintiffs' argument regarding *in personam* actions is flawed and irrelevant. (Document No. 26, p. 4). Defendant notes that the Amended Complaint does allege "a property, or *res*, issue," thus Kline requires that the case be dismissed. Id. (citing Document No. 15, ¶ 83).

**B. Jurisdiction**

In further support of its "…Motion For Judgment On The Pleadings" Defendant contends that this Court lacks subject matter jurisdiction. (Document No. 21-1, p. 10). Defendant argues that the "United States Supreme Court has made it clear that federal courts 'must exercise discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy.'" (Document No. 21-1, pp. 10-11) (quoting Burford v. Sun Oil Co., 319 U.S. 315, 318 (1943).

Defendant suggests that this Court should decline to consider this case because it does not involve a genuine and independent federal claim. (Document No. 21-1, pp. 11-12) (citing MLC Automotive, LLC and Leith of Fayetteville, Inc. v. Town Of Southern Pines, et al., 532 F.3d 269, 277 (4th Cir. 2008)). Rather, Defendant contends that "[t]he validity of Plaintiffs' federal constitutional claims in this case turn on whether Plaintiffs possess constitutionally protected

9

property rights under North Carolina state law." (Document No. 21-1, p. 12). Defendant goes on to assert that "Plaintiffs rely on a North Carolina Supreme Court decision to support their allegations," and that "the ultimate issue in this case is whether the North Carolina General Assembly granted Defendant[] the power to allegedly charge Plaintiffs water and wastewater fees." (Document No. 21-1, p. 13).

Defendant concludes that the issues here are state and local issues, and therefore, this Court lacks subject matter jurisdiction over Plaintiffs' claims. (Document No. 21-1, pp. 13-14).

In opposition, Plaintiffs contend that this Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2)A); 28 U.S.C. §§ 1331 and 1343; and based on supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). (Document No. 24, pp. 15-25). Responding to Defendant's motion, Plaintiffs argue that this case is distinguishable from those relied on by Defendant "because Plaintiffs' substantive due process claims and whether Plaintiffs have a vested right in the money paid to Defendant in capacity fees, is <u>well-settled</u> under North Carolina law." (Document No. 14, pp. 20-21). Plaintiff notes that the Supreme Court of North Carolina has interpreted the powers granted to a municipality through N.C.Gen.Stat. § 160A-314(a) and "expressly held that the fees charged by municipalities for future water and/or wastewater services, such as Defendant's capacity fees, were illegal." (Document No. 24, p. 21) (citing <u>Quality Built Homes, Inc. v. Town of Carthage</u>, 813 S.E.2d 218, 228 (N.C. 2018).

Plaintiff goes on to argue that "the 'ultimate issue' is not whether the North Carolina General Assembly granted authority to the City of Charlotte, but whether they were deprived of this property interest by government action that has no rational relation to a valid state objective." (Document No. 24, p. 22) (citing <u>Amward Homes</u>, 206 N.C.App. at 64).

In closing, Plaintiff contends that this Court does have supplemental jurisdiction over the state law claims. (Document No. 24, pp. 22-23). Plaintiff argues that the federal and state claims here are part of the same case or controversy, "they arise out of a common nucleus of operative facts and are sufficient to give this Court supplemental jurisdiction over the North Carolina state law claims." (Document No. 24, pp. 24-25) (citations omitted).

In reply, Defendant argues that there is no caselaw suggesting that the abstention doctrine does not apply to class action lawsuits, and that North Carolina courts have not addressed whether the capacity fees established and charged by Defendant are unlawful. (Document No. 26, p. 4). Defendant contends that the capacity fees at issue here are completely different than those charged by the Town of Carthage. Id. Defendant concludes that "this court should abstain from making such a decision about a local land issue and allow the state court to do so as required by *Burford*." (Document No. 26, pp. 4-5).

The undersigned finds that this case presents a close call, but that the pending motion should be denied without prejudice. The undersigned notes that the parties recognize a potential impact of the State Court Action, and both request that discovery in this case be stayed, but that Defendant contends this motion is still ripe for disposition. (Document No. 28). As noted above, Defendant contends that the issue before this Court has not been addressed by North Carolina courts, but suggests that this Court wait for the state court to do so – presumably, in the related State Court Action. See (Document No. 26).

The undersigned agrees that the State Court Action is relevant, and that a decision from that court may yet be instructive here; however, the undersigned is not convinced that a judgment on the pleadings is appropriate at this time. Instead, the undersigned will recommend that this case

11

be allowed to proceed, initially at a slower pace than is typical and without prejudice to Defendant re-asserting its arguments following conclusion of the State Court Action.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion For Judgment On The Pleadings" (Document No. 21) be **DENIED WITHOUT PREJUDICE**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: October 25, 2019

David C. Keesler
United States Magistrate Judge